UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| KEVIN L. LEWIS, and ) | Case No. 08-20212-659 |
| KATHY A. LEWIS, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | |
| KEVIN L. LEWIS, and ) | **Adversary No. 08-2020-659** |
| KATHY A. LEWIS, ) | |
| ) | PUBLISHED |
| Plaintiffs, ) | |
| ) | |
| -v- ) | |
| ) | |
| STATE STREET BANK, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiffs Kevin and Kathy Lewis' Complaint to Determine Secured Status of Debt and Avoid Lien of State Street Bank, Defendant State Street Bank's Response to Plaintiffs' Complaint, Plaintiffs' Trial Brief and Joint Stipulation of Facts. On March 26, 2009, a trial was held. Plaintiffs were present and represented by counsel and a representative of Defendant was present and Defendant was represented by counsel. Both parties presented testimony and oral argument. The matter was then taken as submitted. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

On June 5, 2008, Kevin and Kathy Lewis (hereinafter "Debtors") filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. Debtors are the owners of residential property located in Canton, Missouri (hereinafter "Property"). The Property consist of a modular home, detached garage and pole barn on twenty acres of land. First Federal Bank holds the First Deed of Trust on the Property. The First Deed of Trust was recorded on May 22, 2000 and has a balance due of $69,534.21. State Street Bank (hereinafter "Defendant") holds the Second Deed of Trust on the

Property, which was recorded on November 1, 2004.  The Second Deed of Trust has a balance due of $16,981.80.  Defendant also holds a Third Deed of Trust on the Property which was recorded on March 26, 2007.  The Third Deed of Trust has a balance due of $60,000.00.

Debtors listed the Property as having a value of $85,000.00 on Schedule A of their Schedules and Statements.  Debtors plan was confirmed on November 20, 2009.  Debtors' confirmed plan indicated that Debtors would file a motion to determine the secured status of the $60,000.00 mortgage of Defendant.

Debtors assert that the Property is worth $85,000.00.  Debtors based this value on their attempt to sell the Property and the only offer they received was for $85,000.00.  The prospective buyer testified at trial that the offer of $85,000.00 was based on the fact that the Property needs significant repairs.  Debtor Kevin Lewis also testified that the Property is in need of repairs and provided photos depicting the Property's deficiencies.  Debtor Kevin Lewis testified that the following repairs were necessary: 1) the vinyl siding needs to be replaced due to an accumulation of mold; 2) electric throughout the entire home needs rewiring; 3) front deck needs to be replaced; 4) concrete driveway needs to be replaced; 5) kitchen and bathroom need to be updated; and 6) carpet needs to be replaced throughout.  Debtors believe the fair market value of the Property is $85,000.00.  Thus, Debtors contend that the three debts secured by the Property exceed the value of the Property to the extent that there is no value to secure any amount secured by Defendant's Third Deed of Trust.

Defendant presented testimony of its appraiser, John Schilipman (hereinafter "Appraiser") who testified that the Property appraised at $106,900.00 in January 2007.  The Appraiser conceded however that needed repairs could affect the value of the Property.  Defendant argues that there was enough equity in the Property to secure the loan at the time it was made. Defendant further asserts that because the security interest attaches to equity Debtors are prevented from stripping down an unsecured residential mortgage.  Defendant request that the

Court dismiss or deny the relief request that the Plaintiffs' Complaint. Debtors claimed the appraisal was outdated.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 151, 157 and 134 (2008) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) (2008). Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

## CONCLUSION OF LAW

The outcome of this case turns on the market value of the Property. Such valuations are made as of the date a debtor files his or her bankruptcy petition. The Court has authority to make this determination pursuant to Section 506(a). Section 506(a) provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim." 11 U.S.C. § 506(a) (2008). See also, *In re Mitchell*, 177 B.R. 900, 901-902 (Bankr. ED. MO. 1994) ("[u]nder § 506(a) a claim is secured where the value of the collateral equals or is greater than the amount of the claim"). The Court has discretion to determine the value of real estate FED. R. BANK. P. 3012. There are several factors to consider when making a valuation of real estate under Section 506(a) including location of the real estate, condition of the real estate and unique fixtures and attributes of the real estate.

Debtor Kevin Lewis testified under oath that he believes that the Property is worth $85,000.00 and has supported this belief with testimony of a potential purchaser willing to pay $85,000.00 to purchase the Property. Defendant contested the $85,000.00 valuation of the Property and argued that the Property is still worth $106,900.00 based on the January 2007 appraisal. Given the evidence from Debtor Kevin Lewis that the Property currently needs significant

3

repairs, the Court finds that the Property is worth less than the 2007 appraisal. The Court finds that the market value of the Property is 85,000.00.

The remaining issue is whether there is a sufficient equity cushion in the Property for the Third Deed of Trust claim to attach. Under Section 1322(b)(2), "the plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence..." 11 U.S.C. § 1322(b)(2). Section 1322(b)(2) prohibits a modification of a secured claim where there is sufficient equity available to secure a portion of the secured claim. *Nobleman v. American Savings Bank*, 508 U.S. 324, 332, 124 L.Ed.2d 237, 113 S.Ct. 2106, 2111 (1993).

Here, the debts owed on the First Deed of Trust and the Second Deed of Trust exceed the value of the Property. *Nobleman* and Section 1322(b)(2) will allow modification of the Third Deed of Trust under these circumstances, in that here, Defendant will have an unsecured claim on the Third Deed of Trust, rather than a secured claim. To be protected under *Nobleman* and Section 1322(b)(2), the creditor must have some interest in the property securing the debt; in other words, the creditor must be undersecured having both a secured and unsecured claim. In this case there is not sufficient equity to provide any security to Defendant on the Third Deed of Trust. Consequently, the there is not sufficient equity to secure the debt owed on the Third Deed of Trust.

By separate order, judgment will be entered in favor of Plaintiffs.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: December 14, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Kathy and Kevin  Lewis
30992 130th
Canton, MO 63435

Jason C. Fleenor
119 S. 10th St.
Hannibal, MO 65283

Vicki A. Dempsey
Dempsey, Dempsey & Moellring, P.C.
716 Broadway
PO Box 510
Hannibal, MO 63401

State Street Bank
801 State Street
Quincy, IL 62301